STEVEN N. BERGER, SBA #009613
SCOTT B. COHEN, SBA #014377
PATRICK A. CLISHAM, SBA #023154
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85012

Ph: (602) 271-9090
Fax: (602) 222-4999
Email: snb@engelmanberger.com
Email: sbc@engelmanberger.com
Email: pac@engelmanberger.com

Proposed Attorneys for Debtor
Red Mountain Machinery Company

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RED MOUNTAIN MACHINERY COMPANY,<br><br>EIN: 86-0551713<br><br>Debtor. | Chapter 11<br><br>Case No. 2:09-bk-19166-RJH<br><br>**DEBTOR'S (1) APPLICATION TO EMPLOY ENGELMAN BERGER, P.C. AS COUNSEL FOR THE DEBTOR AND (2) BANKRUPTCY RULE 2014(a) STATEMENT** |

Red Mountain Machinery Company., an Arizona corporation ("Debtor"), pursuant to Bankruptcy Code § 327 and Bankruptcy Rule 2014, hereby applies for an order authorizing the employment of the law firm of Engelman Berger, P.C. ("Firm") to represent the Debtor.

In support of this application, the Debtor represents as follows:

A.  **Jurisdiction and Procedural History.**

1.  On August 11, 2009 (the "Filing Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2.  Debtor is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108. No trustee, examiner, or official committee of unsecured creditors has been appointed to date. Debtor's first meeting of creditors is set for September 15, 2009.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(a) and 157(a). This is a "core" matter pursuant to 28 U.S.C. §157(b)(2)(A).

4. Debtor brings this Application pursuant to 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 2016.

B. **Debtor's Business Operations.**

5. Debtor is an Arizona corporation, which for the past 22 years has been one of the premier heavy equipment and earthmoving rental companies in the Southwestern United States. Based in Chandler, Arizona with offices in Las Vegas, Nevada and Southern California, Debtor employs approximately 11 people and owns 188 machines. The machines are rented for as short as a day to as long as a year, and are used in construction (commercial, industrial and residential), mining, public works, alternative energy and infrastructure projects. Debtor generates revenue through equipment rental, equipment sales, and its dealership of Maintainer mechanics service and lube trucks. Debtor's principal place of business is located at 197 East Warner Road, Chandler, Arizona 85225.

6. Debtor has employed David Gonzales as its Chief Restructuring Officer. Mr. Gonzales is a senior financial executive and business owner with more than 30 years experience in business finance, management, asset management and business turn-arounds. Mr. Gonzales' expertise is focused on starting and growing divisions of large banks and stand alone enterprises. He has extensive experience in crisis management, asset workout and resolution, crisis investment, turnaround of business operations and workout real estate projects. Mr. Gonzales is the designated debtor representative.

C. **Details of the Representation.**

7. Employment of counsel is essential to the conduct of the Debtor's Chapter 11 case and to the ultimate formation of a plan of reorganization.

8. The Debtor submits that the Firm is qualified for its expertise in business reorganization proceedings and other aspects of legal work pertinent to the Debtor's reorganization efforts.

9. The Firm will be employed to render legal services for the Debtor in its capacities as debtor and debtor-in-possession. Those services include, but are not limited to:

   A. Advising management with respect to the powers and duties of the Debtor and Debtor in Possession;

   B. Representing the Debtor at the U.S. Trustee interview, first meeting of creditors and all Court hearings, adversary proceedings or contested matters that have been or may be filed herein;

   C. Preparing necessary applications, motions, pleadings, orders, reports and other legal papers in pursuit of the reorganization;

   D. Formulating and preparing a plan of reorganization and disclosure statement and other related documents; and

   E. Performing other legal services relating to the administration and conduct of the Debtor's estate in its efforts to reorganize; and

10. Subject to the Court's authorization of employment of the Firm, it is agreed that the Firm will charge for its professional services at its normal hourly rates for like matters of each involved partner, associate and paralegal, and that the Firm will be reimbursed for its costs incurred in representing the Debtor. The Debtor has entered into a retainer agreement with the Firm dated August 10, 2009. A copy of the retainer agreement is attached hereto as **Exhibit "A"** and incorporated by reference herein.

11. The Retainer Agreement provides in pertinent part that:

    A. The Firm will be paid at the following rates:

    | | |
    |---|---|
    | $335.00 – $400.00/hr. | Firm Shareholders |
    | $250.00 – $300.00/hr. | Firm Associates |
    | $150.00/hr. | Firm Paralegals |

    B. All out-of-pocket costs and expenses will be reimbursed by the Debtor; and

C. A pre-petition retainer of $165,307.50 has been paid to the Firm by Linda K. Cowing, an officer, director and shareholder of the Debtor.

D. The Firm has offset its pre-petition fees and costs in the amount of $8,917.45 (this amount includes the required $1,039.00 filing fee paid to the Bankruptcy Court). The balance of this retainer ($156,390.05) shall be maintained in the Firm's trust account pending further Court order.

**D.** **Disclosure Regarding Conflicts.**

12. To the best of the Debtor's knowledge and the Firm's knowledge, the Firm has no connection with any other party-in-interest in this proceeding that is adverse to the interest of the Debtor or its estate and the Firm is a "disinterested person" within the meaning of Bankruptcy Code §§ 101(14) and 327.

13. The Firm has simultaneously applied to represent three (3) of Debtor's affiliate companies as general bankruptcy counsel in their respective Chapter 11 cases filed immediately following Debtor's bankruptcy filing. The Firm anticipates moving the Court for joint administration of Debtor's case with the cases of the affiliate companies. The affiliates own equipment used in the Debtor's business **The Firm has disclosed in its Rule 2016 Verified Statement filed concurrently herewith the details of any connection to the Debtor and/or creditors of the Debtor.**

**E.** **Conclusion.**

By this Application, the Debtor respectfully requests that the Court enter its order authorizing the employment of the law firm of Engelman Berger, P.C. as counsel for the Debtor.

DATED this 11th day of August, 2009.

**ENGELMAN BERGER, P.C.**

By ___/s/009613___
    Steven N. Berger
    Scott B. Cohen
    Patrick A. Clisham
    3636 North Central Avenue, Suite 700
    Phoenix, Arizona 85012
    Proposed Attorneys for Debtor
    Red Mountain Machinery Company

{02471.001/00103763.DOC /}
4
Case 2:09-bk-19166-RJH    Doc 3    Filed 08/11/09    Entered 08/11/09 19:56:42    Desc
Main Document    Page 4 of 12

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

RED MOUNTAIN MACHINERY COMPANY

*/s/ Dave Gonzales*
Dave Gonzales
Chief Restructuring Officer

COPY of the foregoing served *via method indicated* this 11th day of August, 2009, to:

U.S. Trustee's Office
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003
**Via Fax: (602) 514-7270**

*/s/ Cindy K. Solomon, CLA*

{02471.001/00103763.DOC /}

# EXHIBIT A



ENGELMAN | BERGER, PC
ATTORNEYS AT LAW

Steven N. Berger
snb@engelmanberger.com
(602) 222-4976

August 10, 2009

**VIA EMAIL – ocowing@redmountain.com**

Owen Cowing
Linda Cowing
Red Mountain Machinery Company
197 East Warner Road
Chandler, AZ 85225

  *Re: Agreement Regarding Representation in Chapter 11 Case*

Dear Owen and Linda:

  We are pleased to have the opportunity to be of service to Red Mountain Machinery Company ("Debtors"). This letter is intended to memorialize our agreement concerning the terms and conditions under which we will be acting as Debtor's attorneys in its Chapter 11 bankruptcy case. Accordingly, in this agreement we will define several aspects of our relationship so that you will have a clear understanding of our agreement.

  1. **Retainer/Source of Funds.**

  We have required, as a condition of our engagement, a retainer of $165,307.50. The retainer will be held in our trust account during the Chapter 11 case, pending authorization for use of the retainer by the bankruptcy court (the "Trust Funds"). While the Debtor remains in bankruptcy proceedings, all of our fees are subject to the scrutiny of, and approval by, the Bankruptcy Court. All retainer deposits and their sources shall be disclosed to the Bankruptcy Court by filing the appropriate statements or schedules. When we believe it appropriate to do so under the Bankruptcy Rules, we will prepare statements (described in more detail below) reflecting the legal fees and costs incurred to that date. and requests that the Bankruptcy Court approve payment of the fees from assets of the bankruptcy estate or from the Trust Funds.

  The retainer paid to us for this case was funded by Linda Cowing, an officer, director and shareholder of the Debtor and a managing member of Debtor's affiliated companies. Ms. Cowing and Owen Cowing (also an officer, director and shareholder of the Debtor) may, from time to time, add to the retainer or pay additional sums to the Firm. In regard to payment of fees by the principals, be advised as follows:

ENGELMAN BERGER, P.C.
ATTORNEYS AT LAW

Owen Cowing
Linda Cowing
August 10, 2009
Page 2

  a. At all times this firm will act as counsel for <u>the Debtor</u>, and <u>not</u> as counsel for the persons or entities that other than the Debtor that may provide funding for the firm's retainer or fees, including any directors, officers or principals;

  b. We have advised the directors, officers and principals of the Debtor to retain their own legal counsel for representation and advice with regard to this Chapter 11 case, and with regard to their guaranties on any indebtedness at issue in this Chapter 11 case; and

  c. In the event legal issues arise between the Debtor and: (1) Debtor's directors, officers and/or principals, or (2) any of Debtor's affiliates including but not limited to: Red Mountain Pacific LLC, Red Mountain Holdings, LLC, RMMC Properties, LLC and BTH, LLC ("Affiliate Debtors"), this firm may have a conflict that would require the Debtor to retain special counsel to represent the Debtor with regard to such disputes.

## 2.    Available Funds.

In the event we believe there are insufficient funds available in the Debtor's estate to pay our administrative fees, we may seek to withdraw from the representation. You have expressly authorized us to terminate our services and seek withdrawal from any ongoing representation (pursuant to the provisions of paragraph 8 herein) unless, in our reasonable discretion, we believe alternate sources of funding are available and appropriate under the various rules and regulations governing our representation of the Debtor.

## 3.    Services to be Provided.

Our services will include representation and advice with respect to the prosecution of the Chapter 11 case. Our services will also include preparation of a plan of reorganization, representation for adversary actions, avoidance actions, defense of turnover applications, application for the use of cash collateral or priority financing or other contested matters which may be filed in connection with the bankruptcy case. The performance of our services necessarily will include substantial activities outside the Debtor's immediate presence, which may include such things as legal research, document preparation and review, telephone calls and meetings with others. This firm will supply representation in such actions at the regular and customary billing rates charged by members of the firm for such work.

ENGELMAN BERGER, P.C.
ATTORNEYS AT LAW

Owen Cowing
Linda Cowing
August 10, 2009
Page 3

---

### 4. Computation of Fee.

As compensation for the services performed by our firm we shall be paid reasonable fees, which primarily will be determined by multiplying the number of hours spent working on the Debtor's matters by our regular and customary billing rates for similar services performed by this firm. At the present, our billing rates for like cases are $150.00 per hour for paralegal time, $250.00 to $300.00 per hour for associate attorney time and $335.00 to $400.00 per hour for partner time. These basic billing rates may increase or be adjusted from time to time. We will be happy to advise you at any time you so request of the hourly billing rate of any attorney working on the Debtor's matters. Our time is charged in increments of $1/10^{th}$ of an hour (6-minute units), with a minimum billable increment of $1/10^{th}$ of an hour except in unusual circumstances.

The mathematical computation of fees may be adjusted by us to reflect one or more of the following factors:

   a.  The time involved, the efficiency with which we have accomplished the work, the novelty and difficulty of the questions presented, and the legal skill required to perform the legal services properly;

   b.  The likelihood that acceptance of this employment will preclude other employment by this firm;

   c.  The fee we customarily charge for similar services;

   d.  The amount involved or at risk in the matter and the results obtained;

   e.  Time limitations imposed by you or by the circumstances of the matter, including some consideration of the extent to which the services were required to be performed during evening and weekend hours;

   f.  Whether the fee is fixed, contingent or a combination of the two; and

   g.  Such other factors discussed between us, which are relevant to the magnitude of our fees.

While we may, from time to time for your convenience, furnish you with estimates of the amount of fees we anticipate will be charged with respect to services to be performed under this engagement agreement, such estimates, although made in good faith, are by their nature inexact and cannot be binding on either of us. Therefore, absent a specific agreement, any estimates

ENGELMAN BERGER, P.C.
ATTORNEYS AT LAW

Owen Cowing
Linda Cowing
August 10, 2009
Page 4

---

made by us are for planning purposes and are in all respects subordinate to our regular billing procedures.

5. **Disbursements.**

In addition to the fees described above, we shall be reimbursed for all out-of-pocket expenses actually incurred by us in connection with legal services performed under this agreement, including those for photocopying, filing fees, court and deposition reporter, travel, computer research services, and long distance telephone, telecopy, deliveries and special mail.

6. **Responsibility of Client.**

It will be your responsibility to cooperate fully with us in our work by providing us with relevant information and making yourself (and your employees, agents and representatives) reasonably available for consultation, interviews, and discovery). We have advised you that your role as debtor in possession embodies responsibilities as a fiduciary to creditors of the bankruptcy estate, and you must disclose to us any conflicts of interest in performing those duties as they arise.

You also acknowledge that the initiation of this bankruptcy proceeding will require you to file detailed schedules of financial information. If creditors are omitted from the schedules and mailing list, or information listed on the schedules is deemed to be materially inaccurate, the viability of the bankruptcy, including the confirmability of a Plan or availability of a discharge, could be jeopardized. Because the information is personal and more accessible to the Debtor, and because in the past we have found our access to such information is, necessarily, more limited than yours, we will rely on the information the Debtor provides. If you are uncertain of the Debtor's past financial affairs and would like our assistance we would be glad to discuss what means of verification may be available. However, it is important that you understand, and by your signature below agree, that we do not independently undertake to verify the information supplied by you as to accuracy or completeness.

7. **Arbitration of Disputes.**

We seldom have disagreements with our clients concerning our fees, but some occasionally do occur. It is our desire to resolve any such disagreements through amicable discussion. Unfortunately, however, such disputes cannot always be resolved in that way. Our experience is that in such instances it is in the interest of both our client and our firm that the dispute be resolved through binding arbitration rather than by legal action and the courts. To that end, you and we agree that any dispute under this engagement agreement which cannot be resolved in a reasonable time by discussion between us shall be submitted to binding arbitration

ENGELMAN BERGER, P.C.
ATTORNEYS AT LAW

Owen Cowing
Linda Cowing
August 10, 2009
Page 5

---

by the State Bar of Arizona or, should that organization decline to arbitrate the dispute, before the American Arbitration Association pursuant to its rules, subject to any countervailing rules or law applicable to bankruptcy cases. You and we also specifically agree that the prevailing party in such arbitration or any related court proceeding shall be awarded its reasonable costs and attorneys' fees incurred in connection with the dispute. Any arbitration award will be binding and enforceable in the Maricopa County, Arizona Superior Court or the United States District Court for Arizona.

### 8. Termination of Services.

The Debtor shall have the right at any time to terminate our services upon written notice to us, and we shall immediately, after receiving such notice, (subject to court authorization if appropriate) cease to render additional services. Should the Debtor elect to exercise such rights we shall cooperate with you in facilitating the orderly transfer of the Debtor's files and records to you or to the Debtor's new attorneys. Such termination shall not, however, relieve the Debtor of the obligations to pay the fees due for services rendered and disbursements incurred prior to such termination.

If (i) the Debtor should fail to meet its obligations hereunder and continues to fail to do so for ten (10) or more days after written notice thereof from us, or (ii) the scope of the work or ability to receive authorized payments for such work makes continued representation of the Debtor unfeasible in the reasonable exercise of our discretion, we shall have the right to declare this engagement agreement at an end and to decline to represent the Debtor further. Should we elect to exercise that right, you agree to cooperate in freeing us of any obligation to perform further, including the execution and delivery of a substitution of attorneys in any court or administrative proceeding. This right is in addition to those created by statute or recognized by the rules of professional conduct that govern lawyers.

### 9. Approval by Bankruptcy Court.

Our representation as set forth in this Agreement is subject to, and expressly contingent upon, the Bankruptcy Court's approval and our appointment as counsel for the Debtor's bankruptcy estate. In the event such approval is withheld for any reason, this Agreement will be considered null and void, except that we will be entitled to payment for services already performed and to reimbursement for any costs and expenses already incurred on the Debtor's behalf.

ENGELMAN BERGER, P.C.
ATTORNEYS AT LAW

Owen Cowing
Linda Cowing
August 10, 2009
Page 6

Throughout our relationship we want you to be satisfied with our fees as well as the professional services we perform on the Debtor's behalf. Accordingly, we invite your inquiry if you have any questions concerning either.

Very truly yours,

ENGELMAN BERGER, P.C.

By: *[signature]*
Steven N. Berger

SNB/cks

I have read and understand the terms and conditions set forth in this letter and agree to them.

Date: 8/10/09

CLIENT(S)

**RED MOUNTAIN MACHINERY COMPANY**

By *[signature]*
Owen Cowing, Director

By *[signature]*
Linda Cowing, Director